IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY M. SORIANO, and HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>WAL-MART STORES, INC., a foreign corporation, et al.,<br><br>     Defendants.<br>_____ | CIVIL NO. 10-00023 SOM-LEK |

**ORDER DENYING PLAINTIFF HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.'S MOTION TO AMEND RULE 16 SCHEDULING ORDER, TO PERMIT ITS USE OF EXPERT WITNESS ORTHOPEDIC SURGEON, IME AND IMPAIRMENT (PPD) DOCTOR DONALD K. MARUYAMA AT TIME OF TRIAL**

Before the Court are: Plaintiff Hawaii Employers' Mutual Insurance Company, Inc.'s ("HEMIC") Motion to Amend Rule 16 Scheduling Order, to Permit Its Use of Expert Witness Orthopedic Surgeon, IME and Impairment (PPD) Doctor Donald K. Maruyama at Time of Trial ("Motion"), filed on November 12, 2010; and Plaintiff Mary Soriano's ("Soriano") joinder in the Motion ("Joinder"), filed on December 9, 2010.  Defendant Wal-Mart Stores, Inc. ("Defendant") filed its memorandum in opposition to the Motion on December 1, 2010.  These matters came on for hearing on December 22, 2010.  Arthur Fong, Esq., appeared on behalf of HEMIC, Charles Brower, Esq., appeared on behalf of Soriano, and Shawn Benton, Esq., appeared on behalf of Defendant. After careful consideration of the parties' submissions and the arguments of counsel, Soriano's Joinder is HEREBY GRANTED, and

HEMIC's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Soriano and HEMIC (collectively "Plaintiffs") filed the instant action in state court on May 23, 2008. The instant case arises from an accident that occurred on or about May 29, 2006 at the Wal-Mart store on the island of Hawai`i. At the time of the accident, Soriano was acting in the course and scope of her employment with Innovative Employment Services, LLC ("IES"), and HEMIC was IES's worker's compensation insurance carrier. A worker's compensation claim was made on her behalf, and HEMIC has paid and/or continues to pay benefits to Soriano for the injuries she sustained in the accident. HEMIC therefore asserts a statutory first lien and right of first recovery pursuant to Haw. Rev. Stat. § 386-8 against any recovery that she may obtain for the accident. [Complaint at ¶¶ 5, 9-13.]

Plaintiffs allege that Soriano suffered physical injuries and emotional distress as a result of the accident and that the accident occurred as a result of Defendant's negligence, failure to take the required action in light of an unreasonably unsafe condition that it knew or should have known about, and failure to maintain the store's floors in a reasonably safe condition. Plaintiffs seek: general and special damages; an award of HEMIC's statutory first lien; punitive or exemplary damages; attorneys' fees and costs; interest; other amounts

proven at trial; and any other appropriate relief.

Defendant filed its Answer on January 11, 2010,[1] and removed the action on January 13, 2010, based on diversity jurisdiction.  This Court's April 15, 2010 Rule 16 Scheduling Order ("Scheduling Order"), as amended by the district judge, set a February 16, 2011 trial date.  The dispositive motions deadline was September 15, 2010, and the discovery deadline was December 17, 2010.  Plaintiffs' expert witness disclosures were due on August 16, 2010, and Defendant's expert witness disclosures were due on September 15, 2010.

On September 15, 2010, Defendant filed its Motion to Amend Rule 16 Scheduling Order ("Defendant's Rule 16 Motion"), seeking an extension of its expert disclosure deadline.  On October 8, 2010, HEMIC filed its Joinder and Objections to Defendant's Rule 16 Motion.  HEMIC sought a ruling that it was permitted to call the witnesses listed in its Disclosure of Expert Witness and Testimony, filed on October 8, 2010.  [Dkt. no. 25.]  At the hearing on Defendant's Rule 16 Motion, this Court granted the motion and extended Defendant's expert disclosure deadline to December 29, 2010.  The Court did not make any findings regarding HEMIC's October 8, 2010 Expert Witness Disclosure.  [Minutes, filed 11/9/10 (dkt. no. 46).]

---

[1] Defendant was not served with the Complaint until December 22, 2009.  [Notice of Removal at ¶ 3.]

        In the instant Motion, HEMIC asserts that it identified Dr. Maruyama as an expert witness and provided his report to all parties on April 28, 2010 and October 8, 2010.  [Motion, Decl. of Arthur S.K. Fong ("Fong Decl."), Exh. 2 (letter dated 4/28/10 to Dexter Kaiama and Normand Lezy from Peter Fong), Exh. 3 (HEMIC's Disclosure of Expert Witness and Testimony, filed 10/8/10 (dkt. no. 25)).]  HEMIC notes that, at the November 9, 2010 hearing on Defendant's Rule 16 Motion, defense counsel pointed out that HEMIC's disclosures did not comply with Federal Rule of Civil Procedure 26(c)(2)(B).  [Mem. in Supp. of Motion at 1-2.]  HEMIC was under the belief that providing the parties with Dr. Maruyama's IME and Impairment (PPD) Report, dated March 12, 2007 ("Maruyama Report"), was sufficient to comply with Rule 26(c)(2)(B).  HEMIC produced the Maruyama Report on June 8, 2010, and disclosed it on April 28, 2010 and October 8, 2010.  [Motion, Fong Decl. at ¶ 2(A), Exh. 1 (report).]  HEMIC argues that it complied with Rule 26(c)(2)(B) in a supplemental disclosure filed on November 12, 2010.  [Motion, Fong Decl., Exh. 4 (HEMIC's Supplemental Disclosure of Expert Witness, filed 11/12/10 (dkt. no. 48)).]  HEMIC argues that Dr. Maruyama's testimony at trial is essential.

        In its memorandum in opposition to HEMIC's Rule 16 Motion, Defendant argues that there is not good cause to amend the Scheduling Order because HEMIC's mistaken belief that merely

providing the Maruyama Report was sufficient to comply with Rule 26(c)(2)(B) does not establish that HEMIC was diligent. Defendant also argues that HEMIC was not diligent in meeting its expert disclosure deadline and that HEMIC was not diligent in filing the instant Motion.  HEMIC did not file the instant Motion until three months after its expert disclosure deadline expired.

## DISCUSSION

### I.   Motion to Strike the Joinder

At the hearing on the Motion and the Joinder, Defendant's counsel made an oral motion to strike the Joinder as untimely.  HEMIC filed the instant Motion on November 12, 2010, and Soriano filed the Joinder on December 9, 2010.  Defendant argues that the Court should strike the Joinder because Soriano failed to file it within seven days after HEMIC filed the Motion, as required by Local Rule 7.9.

> Local Rule 7.9 states, in pertinent part:
>
> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within seven (7) days of the filing of the motion or opposition joined in. "Substantive joinder" means a joinder based on a memorandum supplementing the motion or opposition joined in.  If a party seeks the same relief sought by the movant for himself, herself, or itself, the joinder shall clearly state that it seeks such relief so that it is clear that the joinder does not simply seek relief for the original movant. **A joinder of simple agreement may be filed at any time.**

(Emphasis added.)  Only a substantive joinder must be filed

within seven days after the filing of the underlying motion. Soriano's Joinder is not a substantive joinder because it is not based on a memorandum supplementing the Motion. Soriano's Joinder is a joinder of simple agreement with the Motion, which may be filed at any time.

Defendant's oral motion to strike the Joinder is therefore DENIED, and Soriano's Joinder is hereby GRANTED.

## I.  Amending the Scheduling Order

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

HEMIC argues that it has been diligent because it produced the Maruyama Report to all parties early in the case and

HEMIC informed all parties on April 28, 2010 that it intended to call Dr. Maruyama as an expert witness. [Motion, Fong Decl. at ¶ 2(A), (B), Exhs. A & B.]  This, however, did not address all of the requirements of Rule 26(a)(2)(B), which states that an expert witness's report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

The Court therefore FINDS that HEMIC did not properly disclose Dr. Maruyama as an expert witness by Plaintiffs' August 16, 2010 expert disclosure deadline.

HEMIC has stated that it believed the disclosures that it made were sufficient to comply with Rule 26(a)(2)(B). [Mem. in Supp. of Motion at 2.]  Ignorance of the applicable rules, however, does not constitute good cause. Cf. Mueller v. United States, No. EDCV 10-00276-DSF (MAN), 2010 WL 5060544, at *9 (C.D. Cal. Oct. 22, 2010) ("The 'good cause' exception to [Federal] Rule [of Civil Procedure] 4(m) applies 'only in limited circumstances' and is not satisfied by 'inadvertent error or

ignorance of the governing rules.'" (quoting Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992)) (some citations omitted)).

HEMIC also argues that there will be no prejudice to Defendant if the Court grants the Motion because Defendant will not be surprised by Dr. Maruyama's opinions.  It is true that Defendant has known of Dr. Maruyama's examination of Plaintiff and his report for several months, and they would not be surprised by Dr. Maruyama's potential testimony.  At the same time, however, HEMIC has known about Dr. Maruyama's potential testimony since the inception of this case and the deadline to properly disclose him as an expert witness should not have been a surprise to HEMIC.  HEMIC clearly could have met its expert disclosure deadline in the exercise of due diligence.  Thus, even assuming, *arguendo*, that Defendant would not be prejudiced if the Court granted the Motion,[2] the lack of prejudice alone would not justify granting the Motion because HEMIC was not diligent in identifying Dr. Maruyama as an expert witness pursuant to Rule 26(a)(2)(B).  See Johnson, 975 F.2d at 609.  The Court FINDS that HEMIC has not established good cause to extend its expert disclosure deadline.  HEMIC's Motion is therefore DENIED.

---

[2] The Court notes that Defendant would arguably be prejudiced if the Court granted the Motion because of the looming trial date and the fact that the discovery deadline has already passed.

## II.  Dr. Maruyama's Testimony as a Percipient Expert Witness

Although the Court has denied HEMIC's Motion, the Court notes that HEMIC may call Dr. Maruyama as a percipient expert witness.  Rule 26(a)(2)(B)'s requirements for an expert report only apply to a witness who "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Dr. Maruyama examined Soriano on March 12, 2007, long before the instant case began.  Although HEMIC specifically retained Dr. Maruyama to examine Soriano, HEMIC did not retain him to provide expert testimony in this case.  Further, there is no indication that Dr. Maruyama was an employee of HEMIC whose duties regularly involve giving expert testimony.  Dr. Maruyama examined Soriano prior to the filing of the instant action, apparently in the normal course of the evaluation of her workers' compensation claim.  Dr. Maruyama is therefore akin to a treating physician.  This district court has ruled that treating physicians are considered to be a percipient expert witness who are not required to produce expert reports to testify about their examination and treatment of the plaintiff.  For example, in Rangasan v. Hawaiian Tug & Barge Corp., this district court ruled that the treating physician, who had not provided an expert report, could testify regarding causation if his testimony was based on knowledge that he acquired during the course of

9

treatment.  See No. Civ. 99-00275 SOM, 2000 WL 1569285, at *3 (D. Hawai`i Apr. 6, 2000) (citing Shapardon v. West Beach Estates, 172 F.R.D. 415, 416-17 (D. Haw. 1997) ("Treating physicians commonly consider the cause of any medical condition presented in a patient. . . .  Opinions as to [this] . . . are encompassed in the ordinary care of a patient and do not subject the treating physician to the [expert] report requirements") (some citations omitted) (alterations in original))).

Percipient expert witnesses can testify about the basis for their treatment, diagnosis, and prognosis of the plaintiff, without the requirement of an expert report, see Matsuura v. E.I. du Pont De Nemours and Co., CV 96-01180 SOM-LEK, 2007 WL 433115, at *4 (D. Hawai`i Feb. 2, 2007) (citing Oakberg v. Zimmer, No. 05-35231, 2006 WL 3478318, at *1 (9th Cir. Dec. 1, 2006)), but they cannot "give opinion testimony based on information obtained outside of their personal knowledge, for instance, from reading the deposition testimony of other witnesses[.]"  Id. at *3. Thus, although Dr. Maruyama may not give expert opinion testimony, the Court FINDS that he may testify as a percipient expert witness.

## CONCLUSION

On the basis of the foregoing, Soriano's Joinder, filed December 9, 2010, is HEREBY GRANTED, and HEMIC's Motion to Amend Rule 16 Scheduling Order, to Permit Its Use of Expert Witness

Orthopedic Surgeon, IME and Impairment (PPD) Doctor Donald K. Maruyama at Time of Trial, filed November 12, 2010, is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, December 30, 2010.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**MARY M. SORIANO, ET AL. V. WAL-MART STORES, INC., ET AL.; CIVIL NO. 10-00023 SOM-LEK; ORDER DENYING PLAINTIFF HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.'S MOTION TO AMEND RULE 16 SCHEDULING ORDER, TO PERMIT ITS USE OF EXPERT WITNESS ORTHOPEDIC SURGEON, IME AND IMPAIRMENT (PPD) DOCTOR DONALD K. MARUYAMA AT TIME OF TRIAL**